Cogar v. Stewart, &c.

CASE 10—EQUITY—SEPTEMBER 16.

# Cogar v. Stewart, &c.

APPEAL FROM BOYLE COMMON PLEAS COURT.

1. Stewart & Turney being indebted to appellant, transferred to him on the 13th of October, 1876, $600 of an unliquidated demand held by them against O'Malley & McGill.   On the 20th of October the assignors made an assignment for the benefit of their creditors, and a creditor of Stewart & Turney, on the 19th of December, 1877, attacked the transfer to the appellant.

2. It was not necessary to record the transfer to appellant; neither was it necessary to give actual notice to the creditors.   The suit should have been filed within six months after the transfer of the demand.

MESSRS. THOMPSON & THOMPSON FOR APPELLANT.

1. Appellant's right to the fund assigned to him by Stewart & Turney is superior to that of appellee, Lucas, as trustee.   It is a *chose in action*, and the assignee who is prior in time must hold it.   (Newby v. Taylor, 2 Met., 530; Story's Eq. Jur., sec. 1047; 5 Dana, 53, 522; 3 B. Mon., 106; 10 Ibid, 435; 4 Ibid, 449.)

2. The appellee's suit was not filed until the expiration of six months, after the assignment to appellant.   (Gen. Stat., 490.)

MESSRS. VANWINKLE & RODES FOR APPELLEE.

1. Stewart & Turney were insolvent when the transfer was made to appellant.   It was made to pay a pre-existing debt, and there was no consideration simultaneous with the transfer.

2. The attempt of appellant to obtain possession of the money effectually rebuts the idea of any former delivery.   (Gen. Stat., 490; Wilson v. Snelling, 3 Bush, 326; Brown v. Early, 4 Met., 23; Applegate v. Murrill, 4 Ibid, 320; 13 Mass., 146; Lehman v. Herr, 1 Duv., 361; 2 Kent's Com., 406, 408, 462; Davis v. Martin, 5 Bush, 165; Johnson v. Parker, 4 Ibid, 151; Story's Conflict of Laws, sec. 416.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

Stewart & Turney being indebted to Cogar, transferred to him, October 13th, 1876, six hundred dollars of an unliquidated demand held by them against O'Malley & McGill, which was then in litigation in the Superior Court of Cincinnati, Ohio. October 20th they made a general assignment to Lucas for the benefit of creditors. November 25th the trustee brought suit to settle the trust.

Soon after the execution of the deed of trust the trustee compromised the suit pending in Cincinnati, and received on account of the demand sued for therein the sum of $493 63.

Cogar appeared before the commissioner in the settlement suit, December 7th, 1877, and filed the transfer from Stewart & Turney, and claimed the whole of the fund received by the trustee on the compromise of the suit.

December 19th, of the same year, Hudson, a creditor of Stewart & Turney, filed an answer and cross-petition, in which he attacked the transfer to Cogar as made in contemplation of insolvency, and to prefer him to the exclusion, in whole or in part, of other creditors.

Cogar's demurrer to the cross-petition was overruled, and he filed an answer. On hearing, the Court below adjudged the transfer to be within section 1, article 2, chapter 44, General Statutes, commonly called the act of 1856. From that judgment Cogar appeals. He insists, among other things not necessary to be mentioned, that the attack upon the transfer came too late.

Section 2 of the article *supra* provides that all such transfers as are in the first section declared to inure to the benefit of creditors generally, shall be subject to the control of courts of equity, when the petition of any person interested, filed within six months after the mortgage or transfer is legally

Cogar v. Stewart, &c.

lodged for record, *or the delivery of the property or effects transferred.*

The transfer to Cogar was not a recordable instrument, and the failure to record it cannot have any effect upon the question before us. The thing transferred was a mere chose in action, and therefore not the subject of manual delivery. Stewart & Turney do not appear to have held any written evidence of the debt due them from O'Malley & McGill. The demand was in suit, and a writing was all that could be given to evidence the transfer. If the debt had been evidenced by the note of O'Malley & McGill, we entertain no doubt but the assignment and delivery of the note would have been a delivery within the meaning of the statute, and that the right to bring suit to have the assignment adjudged within its provisions would have been lost by a failure to sue within six months from the date of the assignment. It does not matter that the creditors of Stewart & Turney were ignorant of the transfer until six months from its date had elapsed. Notice to other creditors is not required.

The time within which the petition of creditors must be filed begins to run from the recording of the mortgage or transfer, when the transfer is a recordable paper, and when it is not, then from the delivery of the property or effects transferred, or, if the thing transferred be a debt, then from the delivery of such evidence of the transfer as entitles the transferee to demand and receive the debt transferred. To hold that notice to other creditors is necessary would be an interpolation upon the statute, and would make the time during which suit might be brought too uncertain, and would lead to much vexatious litigation. The short time given in which to bring suit shows that the Legislature intended that transactions coming within the statute should be attacked

promptly or not at all; and to allow any creditor to sue within six months after he should receive knowledge of such transaction, would defeat the legislative intention.

We are therefore of the opinion that the appellant is entitled to the whole of the money received by the trustee from O'Malley & McGill, and that no part of it is subject to distribution among the other creditors, or to the payment of attorney's fees or costs in this suit.

Wherefore, the judgment is reversed, and the cause remanded for a judgment in conformity to this opinion.